UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LONNIE WESTON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 09-5054-CV-SW-ODS-P |
| | ) Crim. No.03-05038-01-CR-ODS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF AND
(2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Pending is Movant Lonnie Weston's 28 U.S.C. § 2255 motion seeking release from federal custody (Doc. # 1). Weston's motion is denied.

I. BACKGROUND

A jury convicted Weston of conspiracy to manufacture and distribute methamphetamine and possession with intent to distribute methamphetamine. This Court sentenced Weston to 360 months' imprisonment on both counts.

Weston filed a timely notice of appeal and the Eighth Circuit affirmed in part, reversed in part, and remanded for resentencing. *U.S. v. Weston*, 443 F.3d 661 (8th Cir. 2006). On remand, this Court resentenced Weston to 360 months' incarceration on both counts, which Weston appealed. The Eighth Circuit vacated Weston's sentence and remanding the case for resentencing in *U.S. v. Weston*, 267 Fed. Appx. 476 (8th Cir. 2008). Weston ultimately was resentenced to 240 months' incarceration on each of count, to run concurrently, followed by a term of 10 years'

supervised release. This final amended judgment and commitment order was filed on July 29, 2008. Thereafter, Weston filed the instant motion pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

If the motion, files, and records of the case conclusively show that Weston is not entitled to relief, Weston's motion can be resolved without a hearing. *See* 28 U.S.C. § 2255(b). Conclusory allegations unsupported by specifics or allegations that–when compared to the record–are wholly incredible are insufficient to overcome the barrier to an evidentiary hearing in a § 2255 proceeding. *Voytik v. U.S.*, 778 F.2d 1306, 1308 (8th Cir. 1985).

Weston asserts violations of several constitutional rights, including those encompassed by the Fourth Amendment, Sixth Amendment, Ninth Amendment, Eleventh Amendment, and Fourteenth Amendment. Despite Weston's recitation of his constitutional rights, a liberal construction of his motion reveals that he is really asserting two types of claims: ineffective assistance of counsel and prosecutorial misconduct. To prevail on a Sixth Amendment ineffective-assistance-of-counsel claim, Weston must establish that (1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense. *Gianakos v. U.S.*, 560 F.3d 817, 821 (8th Cir. 2009).

Prosecutorial misconduct can result in the reversal of a conviction if (1) the prosecutor's conduct or remarks were improper, and (2) the conduct or remarks prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial. *U.S. v. Davis*, 534 F.3d 903, 914 (8th Cir. 2008).

Weston points to 14 instances where he claims his constitutional rights were violated. The Court will consider Weston's arguments in turn.

1. Weston alleges ineffective assistance of counsel with respect to Deputy Jeff Sutherland's testimony. According to Weston, "On two or more occasions [Deputy Sutherland] gave conflicting testimony." However, Weston does not specify when these

2

alleged "occasions" occurred. Weston's allegations are conclusory and not sufficient to entitle him to relief.

2. Weston alleges ineffective assistance of counsel and prosecutorial misconduct because he was convicted even though no consumable methamphetamine was recovered. Weston complains that no expert testified regarding the percentage of methamphetamine in the quantities referred to or how pure the methamphetamine was. However, the prosecution was not required to prove these facts in order to convict Weston. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Weston has not identified a constitutional violation.

3. Weston next alleges prosecutorial misconduct, claiming that the prosecution concocted evidence to convict him. Weston asserts nothing more than conclusory allegations of improper conduct. These are insufficient to entitle him to relief.

4. Weston contends prosecutorial misconduct because the prosecutor used cooperating witnesses to convict him. The practice of using cooperating witnesses to obtained trial convictions is well-established and does not violate constitutional rights. *See United States v. Lofton*, 557 F.3d 594, 596 (8th Cir. 2009) (convictions based upon codefendant testimony should be upheld if only issue is witness credibility). Weston's claim fails.

5. Weston next contends the court failed to properly calculate the amount of pseudoephedrine seized during the investigation and the equivalent amount of methamphetamine that could have been manufactured from it. This conclusory allegation challenges an alleged trial error which should have been asserted on direct appeal. *See U.S. v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000). Moreover, Weston cannot show ineffective assistance of counsel with respect to this argument because the presentence investigation report demonstrates that his attorney objected to the government's quantity calculation, and Weston does not suggest what else his attorney should have done.

6. Weston asserts he was denied effective assistance of counsel because Deputy Sutherland was "biased" against him. How this bias was in some way the fault of his counsel, or how his counsel was suppose to combat it, are left unanswered by

3

Weston. Weston provides no specifics as to how his trial counsel's cross-examination of Deputy Sutherland was ineffective or how it could have better illustrated Deputy Sutherland's supposed "bias" to the jury. Weston's conclusory allegations do not support this claim, and so it fails.

      7. Weston next alleges prosecutorial misconduct because the prosecution offered the testimony of Craig Guinn, who Weston claims was a "grudge holder." Weston provides no evidence that the prosecutor knowingly allowed Guinn to commit perjury or that Guinn actually testified falsely. Guinn's cooperation with law enforcement and the benefit he received for this testimony was disclosed to the jury. Weston's conclusory allegations do not support his claim.

      8. Weston makes the same conclusory allegations against Kevin Davis as he did against Guinn. For the same reasons, this claim fails.

      9. Weston claims ineffective assistance of counsel because the prosecution offered evidence of his out-of-court statements in which he admitted to purchasing pseudoephedrine pills. Weston claims this was inadmissible hearsay. However, Weston is incorrect because a party's own statement offered against the party is not hearsay. Fed. R. Evid. 801(d)(2)(A). Thus, Weston cannot show ineffective assistance of counsel.

      10. Weston complains that John Lewright, who represented codefendant Sherry Woodard, previously represented Weston in an unspecified and unrelated matter, resulting in a conflict of interest. Weston offers no specifics as to how or why he believes Lewright's subsequent representation constituted a conflict of interest. More importantly, Weston has not explained how Lewright's representation of Woodard impacted the representation he received in this case or why he is entitled to relief. Accordingly, Weston's conclusory allegations regarding a supposed conflict of interest fail.

      11. Weston next asserts prosecutorial misconduct and ineffective assistance of counsel because the prosecution failed to prove that he actually lived at a residence where law enforcement conducted two searches. However, Weston does not actually deny that he resided, or had a property interest, in this residence. In fact, Weston

4

admitted in his pretrial motions to suppress that the searches were conducted "at this defendant's residence in McDonald County, Missouri."  Weston argument lacks merit.

12. Weston contends he received ineffective assistance of counsel and the prosecutor engaged in misconduct when the government introduced evidence of a Prestone can Deputy Sutherland found floating in a creek which flowed behind Weston's residence.  Weston makes the same claims with respect to a propane tank found by Deputy Sutherland.  However, this evidence clearly was relevant to the existence of the conspiracy of which Weston was a participant.  Moreover, the evidence against Weston was overwhelming, and Weston makes no attempt to explain how these two pieces of evidence could have prejudiced his right to a fair trial.  Weston has not shown a right to relief on this issue.

13. Weston makes the same conclusory allegations against Lance Hackett as he did against Davis and Guinn (that the witness was a "grudge holder").  For the same reasons, this claim fails.

14. This ground is comprised of six claims in which Weston challenges the prosecutor's statements and evidence tying Weston to the methamphetamine conspiracy.  Weston's arguments consist of nothing more than his claim that the statements and evidence are false, coupled with excerpts from the trial transcript taken out of context.  Weston's conclusory allegations are insufficient to survive summary dismissal.

In sum, the Court holds that Weston's motion, the files, and the records of the case conclusively show that Weston is not entitled to relief.  Weston can appeal this decision to the Court of Appeals only if this Court issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability should issue only if Weston can make a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason or deserving of further proceedings.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, each of Weston's claims fails as a matter of law, and the merits of those claims are not debatable among reasonable jurists or deserving of further consideration.  Accordingly, the Court holds that a certificate of appealability shall not issue.

5

## III. CONCLUSION

Weston has not the made the requisite showing under 28 U.S.C. § 2255(b) to be entitled to a hearing on postconviction. Accordingly, Weston's motion is summarily denied. The Court further rules that no certificate of appealability shall issue.

IT IS SO ORDERED.

DATE: November 24, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT